**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

RICKY D. LONDON, JR.  **PLAINTIFF**
ADC #653332

v.  5:14CV00106-KGB-JJV

JAMES SANDERS, Deputy, Dub
Brassell Detention Center; *et al*.  **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

>  Clerk, United States District Court
>  Eastern District of Arkansas
>  600 West Capitol Avenue, Suite A149
>  Little Rock, AR 72201-3325

**DISPOSITION**

**I.   INTRODUCTION**

Plaintiff, Ricky London, Jr., filed this *pro se* action pursuant to 42 U.S.C. § 1983, while confined at the Dub Brassell Detention Center (Jail). He alleges Defendant James Sanders used excessive force by unnecessarily employing oleoresin capsicum (OC) spray in violation of the Eighth Amendment.

This Court previously dismissed claims of slander and harassment, as well as Defendant Roger Williams, on February 18, 2015, finding that Plaintiff failed to state a claim upon which relief could be granted (Doc. Nos. 4, 15, 27). The Court rejected Defendant Sanders's Motion for Judgment on the Pleadings and scheduled the matter for an evidentiary hearing. (Doc. Nos. 15, 27.)

On March 18, 2015, the Court heard testimony from Messrs. London, Sanders, and Williams, and received six exhibits from the defense. After carefully considering the testimony of the parties, the defense witness, and the exhibits, the Court enters the following Proposed Findings and Recommended Disposition.

**II.   FACTS**

There is little dispute over the facts of this case. Mr. London was at the Jail awaiting placement with the Arkansas Department of Correction. On February 23, 2014, he had complained

about the toilet in his cell not working - to no avail.  So, at the conclusion of his free time in the dayroom, Mr. London refused orders to return to his cell.

Unwilling to return to this cell, Mr. London retrieved his belongings and sat outside the door. Sergeant Roger Williams, who approximately twenty minutes earlier had employed OC spray in a separate incident, responded to the situation.  Sergeant Williams ordered Mr. London to return to his cell.  Mr. London refused, so a call went out over the radio requesting assistance from all available officers.

Deputies Sanders and Abeyta responded to assist Sergeant Williams.  Deputy Sanders had OC spray behind his back because he "didn't want to rush into the pod with guns blazing."  He twice ordered Mr. London to return to his cell but Mr. London would not.  To Mr. London's surprise, Deputy Sanders employed OC spray with one burst to his face.

Mr. London was immediately incapacitated and Deputies Sanders and Abeyta dragged him to the shower for decontamination.  Mr. London states he soiled himself in the shower, a fact Defendant Sanders disputes.

## III.   ANALYSIS

The Eighth Amendment protects inmates from the unnecessary and wanton infliction of pain by correctional officers.  *Johnson v. Hamilton*, 452 F.3d 967, 972 (8th Cir. 2006).  The United States Court of Appeals for the Eighth Circuit explained the principles governing prisoner claims of excessive force in *Treats v. Morgan*, 308 F.3d 868, 872 (8th Cir. 2002), as follows:

> The Eighth Amendment protects inmates from the unnecessary and wanton infliction of pain by correctional officers, *Whitley v. Albers*, 475 U.S. 312, 319 (1986), regardless of whether an inmate suffers serious injury as a result. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Officers are permitted to use force reasonably "in a good-faith effort to maintain or restore discipline," but force is not to be used "maliciously and sadistically to cause harm." *Id*. at 7. ... Factors to be considered in deciding whether a particular use of force was reasonable are whether there was an objective need for force, the relationship between any such need and the amount of

3

> force used, the threat reasonably perceived by the correctional officers, any efforts by the officers to temper the severity of their forceful response, and the extent of the inmate's injury. *Id. See also Hickey v. Reeder*, 12 F.3d 754, 758 (8th Cir. 1993). *Accord Fillmore v. Page,* 358 F.3d 496, 503-10 (7th Cir. 2004).

*Treats v. Morgan*, 308 F.3d 868, 872 (8th Cir. 2002).

The infliction of pain in the course of a prison security measure is not cruel and unusual punishment "simply because it may appear in retrospect that the degree of force authorized or applied for security purposes was unreasonable, and hence unnecessary in the strict sense." *Whitley v. Albers,* 475 U.S. 312, 319 (1986). The amount of force reasonably necessary to subdue prisoners is not the same for all prisoners. "We are not prepared to say that preemptive force cannot be resorted to in the case of prisoners whom corrections officers reasonably believe to be unusually violent. The question of excessiveness of force, in other words, cannot be assessed in a vacuum; it will vary from circumstance to circumstance. Officers are certainly not required in all cases to wait until they are attacked before they resort to force. Such a rule would expose them to an unnecessary and unreasonable risk of harm." *McCrary-El v. Shaw* , 992 F.2d 809, 812 (8th Cir. 1993).

Whether a situation justifies the use of force to maintain or restore discipline is a fact-specific issue that turns on the circumstances of the individual case or the particular prison setting. *Johnson v. Blaukat*, 453 F.3d 1108, 1113 (8th Cir. 2006) (quotations omitted). Here, albeit a close call, the Court concludes the facts justified Defendant Sanders's use of one burst of OC spray to gain control of the situation. The Court concludes it is a close call because it appears the decision to utilize the spray was made rather quickly and Mr. London had no previous history of violence. And Mr. London was seated and not offering any force in resistance in this instance either.

In hindsight, it appears this issue may have been resolved through providing him access to a working toilet. Yet, the Court further recognizes, "The reasonableness of a particular use of force is examined from the perspective of a reasonable officer on the scene, rather than with the 20/20

4

vision of hindsight." *Graham v. Connor*, 490 U.S. at 396; *Henderson v. Munn*, 439 F.3d 497, 502 (8th Cir. 2006). The use of force must be necessary to some legitimate institutional interest such as safety, security, or efficiency, and the force used must not be in excess of that reasonably believed necessary to achieve those goals. *Hicks v. Norwood*, 666 F. Supp. 2d 957, 966 (W.D. Ark. 2009); *Teas v. Ferguson*, 608 F. Supp. 2d 1070, 1083 (W.D. Ark. 2009); *see Johnson-El v. Schoemehl*, 878 F.2d 1043, 1048 (8th Cir. 1989). "The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments – in circumstances that are tense, uncertain, and rapidly evolving – about the amount of force that is necessary in that particular situation." *Graham*, 490 U.S. at 396-97; *Henderson*, 439 F.3d at 502. So given the testimony and evidence, the Court concludes that Defendant Sanders acted reasonably, under the totality of the circumstances, with the sole intent of restoring order to the Jail. Accordingly, the Court finds no violation of Mr. London's constitutional rights, either in the employment of OC spray or being dragged to the shower for decontamination.[1]

## IV.  CONCLUSION

IT IS THEREFORE RECOMMENDED that Plaintiff's Complaint against Defendant Sanders be DISMISSED with prejudice.

DATED this 19th day of March, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] The evidence fails to support a conclusion that Mr. London was dragged for any other reason than he was incapacitated by the spray.